## Case No. 11,405.

### PREVOST v. GORRELL.

[7 Wkly. Notes Cas. 261; 7 Reporter, 296.] [1]

Circuit Court, E. D. Pennsylvania. Feb. 5, 1879.

#### EQUITY — PRACTICE — MULTIFARIOUSNESS — DEMURRER.

A bill filed by an execution creditor, in aid of execution, against his judgment debtor and others who have fraudulently combined with him to conceal his property, is not multifarious, although there is no averment of a common conspiracy between all the defendants, and though it is not alleged that each defendant was cognizant of the fraudulent acts of any of his co-defendants, other than those in which he himself took part with the judgment debtor.

Bill in equity in aid of execution at law, filed by Prevost, setting forth the following facts: The complainant had obtained a large judgment against Gorrell [See Case No. 11,404], and had then issued execution against all of his discoverable property, real and personal, within the state of Pennsylvania, the sale of which left a large part of the judgment unsatisfied. The bill alleged that Gorrell had owned large quantities of real estate, which during the pendency of Prevost's suit against him, and prior to judgment therein, he had fraudulently transferred to the other defendants respectively, without consideration, and with notice of his fraudulent intention, for the purpose of evading payment of the judgment. The bill stated specially various instances of these alleged fraudulent transactions, and averred a general fraudulent intention on Gorrell's part directed to the accomplishment of the particular fraud of injuring the complainant by depriving him or delaying him in collecting his judgment debt. The bill did not, however, allege a common conspiracy between all of the individuals who had received the alleged fraudulent conveyances, merely stating that Gorrell, the debtor, had carried out his general unlawful purposes by fraudulently conspiring with each of the other defendants separately as to each of their conveyances respectively. The bill alleged the impossibility of adequate relief without discovery, and prayed discovery and such reconveyances as the court might direct after taking testimony and a hearing, and the complainant submitted himself to such directions as the court might order, that an equitable division of the debtor's estate amongst creditors might be made. The defendants filed a demurrer on the ground of multifariousness.

The case was first argued before CADWALADER, District Judge, and subsequently reargued before McKENNAN, Circuit Judge.

Mr. McMurtrie and James Ryon (with them L. W. Smith, Swain, Kaercher, Mann & Brightly), for the demurrer.

The bill is multifarious because it joins distinct claims together in one suit. This proceeding, which is for discovery, joins with the principal debtor, Gorrell, twenty-four other persons between whom no common conspiracy to defraud the complainant is alleged, and to whom no common fraudulent motive is imputed. This is a bold attempt, not only to condense twenty-four proceedings in one, but to obtain as against each defendant whatever advantage has accrued to the complainant from any other defendant's testimony. Counsel will attempt to use the declarations and testimony of one complainant against the rest; and if it be answered that this cannot be done until the common fraud is shown, the demurrer is at once shown to be well founded, for the test of whether the bill is good is whether the defendants are so connected that one's testimony will affect the others. Moreover, if no damage were to result from testimony applicable in one case being used in another, observe the hardship. Each defendant must provide himself with counsel, and watch the testimony taken at each meeting, whether it relate or not to the allegations against him. The cost, labor, and time wasted are ill compensated by the costs of the case if the complainant fails, and even if he succeed each defendant is unjustly treated by joining with his case a score of others. In Maryland (Dunn v. Cooper, 3 Md. Ch. 46) the difficulty was felt and the principle recognized, though the decision was, for special reasons, in the complainant's favor; and in Metcalf v. Cady, 8 Allen, 587, the very point was decided in our favor. In that case a bill in equity was filed by the assignee of an insolvent debtor against several defendants to set aside mortgages upon different parcels of real estate executed to them respectively to avoid the provisions of the insolvent law. The bill was held multifarious.

A. Sydney Biddle (with him Hughes & Farquhar, Mr. Bartholomew, and Geo. W. Biddle), contra.

The rule is admittedly one of convenience, and the question in each class of cases is therefore, on which side do the advantages preponderate (1 Daniell, Ch. Pl. & Prac. 334)? Where one general right only is

---

[1] [7 Reporter, 296, contains only a partial report.]

claimed by the bill, it matters not that the various defendants have distinct interests, as in the well-known fishery case (Mayor of York v. Pilkington, 1 Atk. 282, cited Ld. Red. 182). And see City of London v. Perkins, 3 Brown, Parl. Cas. (Tomlin's Ed.) 602. But where the bill is by a creditor to enable him to obtain satisfaction of a judgment at law, which he has been hindered in doing by the acts of the judgment debtor combining with the other defendants respectively, the objection for multifariousness has always been overruled. Brinkerhoff v. Brown, 6 Johns. Ch 139; Fellows v. Fellows, 4 Cow. 682; Boyd v. Hoyt, 5 Paige, 65; Chase v. Searles, 45 N. H. 511; Trego v. Skinner, 42 Md. 432; Jacobus' Ex'r v. Jacobus, 20 N. J. Eq. 49; Gibbs v. Larrabee, 23 Wis. 495; Gaines v. Chew. 2 How. [43 U. S.] 642; Snodgrass v. Andrews, 30 Miss. 472; Lord Foley v. Carlon, 1 Younge, 373; Bartee v. Tompkins, 4 Sneed, 636; Randolph v. Daly. 1 C. E. Green [16 N. J. Eq.] 314; Jones v. Frost, 42 Law J. Ch. 47. And the reason is that in each case the proceeding is in reality an equitable execution. The property of the judgment debtor is still his, wherever the title may be, to satisfy the plaintiff's execution. The wrong is one, although perpetrated by many hands. It is the judgment debtor's fraudulent treatment of his property to injure the plaintiff. Again, if the complainant were to sue the principal debtor in twenty-four separate suits, the debtor might justly complain that an action had been split up into a great number, and might plead to each for the nonjoinder of essential parties. Granted the inconvenience to these defendants in this proceeding, it is not outweighed by the difficulties in the plaintiff's way if he were to separate his suits, and would not the judgment debtor be a loser by such a mode of procedure?

McKENNAN, Circuit Judge. This case was once argued at great length before Cadwalader, District Judge, in my absence, and although he at first entertained considerable doubt whether the objection of multifariousness was not well founded, he was afterwards convinced that the objection was untenable, and communicated his views to me. That fact would have great influence with me in determining a matter belonging to a branch of jurisprudence in which Judge Cadwalader was so pre-eminently skilled. But, after hearing the arguments of counsel, I must say that my own judgment concurs entirely with his in this matter. The rule is one of convenience. Defendants must not be oppressed by permitting the joinder of independent causes of action in one bill. This is the case where there is but one defendant, and he is sued for matters wholly distinct in their nature. But, as has been said, there is no absolutely unvarying rule upon the subject, and whether the bill is multifarious must be determined in each case. Now,

where the complainant, a judgment creditor, seeks the aid of a court of equity against his debtor, showing that by the latter's fraud he is unable to proceed successfully at law, there is but one cause of action, the debtor may have put the property beyond his control by conveying it to many different hands. What matters it that each co-defendant was unaware of the details of the conduct of the other co-defendants, provided he united with the judgment debtor to defraud the complainant? Each separate fraudulent conveyance was part of the one general act complained of, and the complainant was bound to proceed against all the debtor's property, it matters not in whom the nominal title might be, in one proceeding, if he could do so. The demurrers are overruled, and the defendants are ordered to answer in thirty days.

[See note to Case No. 11,404.]